[Crim. No. 18229. Second Dist., Div. Two. Feb. 23, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD ORTEGA PRENDEZ, Defendant and Appellant.

## COUNSEL

Donald F. Roeschke, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, William E. James, Assistant Attorney General, and Robert F. Katz, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**ROTH, P. J.**—Appellant, having waived a jury and submitted his case after full advice upon the preliminary transcript, was convicted by the court of the unlawful possession of heroin, codeine and methadone in violation of section 11500 of the Health and Safety Code. He appeals from the judgment.

On June 26, 1969, Lieutenant Sherwood, Sergeant Wanek and Officers Lestelle and Stein of the Los Angeles Police Department 'staked out' unit 11 of a motel on San Fernando Road in Los Angeles. They had information that appellant, who had only recently been released from prison, was selling heroin from that motel.

Officer Lestelle observed appellant and Yxtle Rocha, both men being known to him as narcotic users, leave the motel in a vehicle, return shortly thereafter and enter unit 11. Rocha was next seen leaving unit 11, walking toward the vehicle that had just been used, and passing something to one Manuel Robert Gonzalez, seated in the vehicle on the passenger side. Rocha left to-reenter unit 11 and Officer Lestelle then approached Gonzalez whom he interrupted in the act of injecting himself with a hypodermic

needle. Gonzalez squirted the liquid from the needle onto the floor of the vehicle; Lieutenant Sherwood and Sergeant Wanek entered unit 11; and a bystander shouted that someone from the motel was running across the field, away from the motel. Officer Lestelle, who had not entered the motel room with Sherwood and Wanek, commenced pursuit in a police vehicle. He did not know at that moment that the fleeing suspect was appellant, assuming that he had remained in the motel unit.

Officer Lestelle overtook appellant, whom he now recognized, on the street. As the police vehicle approached, appellant looked at it, made a throwing motion to his left, and some bright-colored objects left appellant's hand and landed on a lawn. Officer Lestelle stopped, arrested appellant and recovered the objects he had seen appellant throwing in the immediate vicinity of the arrest. The objects were balloons which were found to contain, in various forms, codeine, heroin and methadone.

Appellant contends that the primary illegality of Sherwood's and Wanek's entry into unit 11 of the motel, effected without compliance with section 844 of the Penal Code,[1] tainted appellant's arrest and the seizure of the balloons which appellant had thrown away. (*Wong Sun* v. *United States* (1963) 371 U.S. 471 [9 L.Ed.2d 441, 83 S.Ct. 407].)

The Attorney General concedes that the entry violated section 844 of the Penal Code but contends that appellant's flight was an act of free will sufficient to purge the primary taint of the illegal entry.[2] We agree.

■ The test is whether an independent, intervening act of the defendant has broken the causal chain between the illegal police conduct and the seizure of the evidence. (*People* v. *Johnson,* 70 Cal.2d 541, 546, 548 [75 Cal.Rptr. 401, 450 P.2d 865]; *People* v. *Sesslin,* 68 Cal.2d 418, 428 [67 Cal.Rptr. 409, 439 P.2d 321], cert. den. 393 U.S. 1080 [21 L.Ed.2d 772, 89 S.Ct. 850].) At bench, appellant frankly admitted his flight, testifying that he "always run[s] regardless . . . because I have had so much trouble with police." The immediate motive for his flight was supplied by the fact that he was to have an appointment with his parole officer that very evening and didn't wish to be caught in the same room with "other addicts."

---

[1] "To make an arrest, a private person, if the offense be a felony, and in all cases a peace officer, may break open the door or window of the house in which the person to be arrested is, or in which they have reasonable grounds for believing him to be, after having demanded admittance and explained the purpose for which admittance is desired. (Enacted 1872. Amended by Code Am. 1873-74, ch. 614, p. 435, § 40.)"

[2] The legally operative facts, in terms of section 844, were supplied solely by appellant who testified that, while still in the apartment, he did not hear the entering officers identify themselves.

Appellant's course of conduct was based on his desire, independently conceived, to get as much distance as possible between himself and the police. There is no right to a flight from unlawful arrest or entry and the officers' admittedly illegal conduct in effecting entry could confer no immunity from arrest outside the motel upon appellant. Appellant's act in fleeing is analogous to the commission of an offense subsequent to the police conduct said to be illegal—which subsequent offense then dissipates the taint caused by the police's original misconduct. (See *People* v. *Donovan,* 272 Cal.App.2d 426, 433 [77 Cal.Rptr. 293].)

█ There was no search of appellant's person following his arrest since he had thrown the contraband away. The facts at bench are indistinguishable from those set forth by Justice Holmes in the classic case of *Hester* v. *United States* (1924) 265 U.S. 57 [68 L.Ed. 898, 44 S.Ct. 445]. In *Hester*, suspected manufacturers of "moonshine" liquor fled upon the approach of government agents, throwing away the incriminating bottles while in flight. Justice Holmes held, as we do in the case at bench, that under such facts there ". . . there was no seizure in the sense of the law when the officers examined . . .", in our case, the contents of the *discarded* balloons. *Id.* at page 58 [68 L.Ed. at page 900]. We note, too, that the arresting officer in the case before us was not one of those who entered unit 11.

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 22, 1971. Peters, J., was of the opinion that the petition should be granted.