[Crim. No. 21581. Second Dist., Div. Five. Oct. 30, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
BILLY JAMES STAFFORD, Defendant and Appellant.

**COUNSEL**

Clifford Douglas, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Norman H. Sokolow and Robert W. Hatton, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KAUS, P. J.**—Defendant was charged by information with possession of heroin in violation of section 11500 of the Health and Safety Code. Five prior convictions were alleged. At defendant's preliminary hearing the arresting officer testified to the circumstances of defendant's arrest for the crime charged. Evidence concerning the narcotic nature of the People's physical evidence was received by stipulation.

Defendant pleaded not guilty, denied the priors, and waived his right to a jury trial.

Defendant moved to suppress the heroin under section 1538.5 of the Penal Code. A waiver of defendant's right to confrontation as to the 1538.5 hearing was secured, and the transcript of the preliminary hearing was received by stipulation.

Each side was to be free to offer additional evidence at the motion to suppress. In addition, at the outset of the hearing, the prosecutor announced: "Your Honor, as far as the 1538.5 motion, which is a motion to suppress, I don't believe the chemist necessary in regards to this motion.

"However, to accommodate counsel we have entered a stipulation that if the Court denies the 1538.5 motion, it is going to be a—it has already

been submitted on the transcript, and the Court may consider all of the testimony it hears at the 1538.5 motion.

"So for those reasons we would like to call the chemist at this time."

Defense counsel replied: "That is agreeable, Your Honor." The chemist then testified to his analysis of the contents of four capsules which, according to the People's evidence, had been found in defendant's possession.

Officer Thomas testified that on May 5, 1971, he was assigned to "Central Vice" when, at about 2:20 in the morning, he and his partner were patrolling in plain clothes in an unmarked car. He saw a Los Angeles policeman parked in an alley holding one male prisoner. Defendant and an unidentified woman were nearby. The woman appeared to be drunk and was yelling abusive language. Thomas and his partner stopped to back up the uniformed officer. The partner stopped the woman. When Thomas saw defendant take a step toward his partner's back, he ordered defendant to remove his hands from his pockets. Defendant removed his right hand. In it Officer Thomas saw a piece of paper. Defendant threw the paper to the ground. Thomas retrieved it. It was an empty cigarette package containing pills and capsules.

Defendant testified at the hearing on his motion to suppress that after eating at the Greyhound Bus Depot he was walking back to the hotel where he was staying with his wife when officers drove by and stopped to question or arrest a woman who had been walking in front of him. She had been yelling to someone in a nearby hotel window. He stopped walking because the scuffle between the woman and the officers was blocking his path. He was attempting to walk around the disturbance when he was approached by one of the officers and told to take his hands out of his pockets, which he did. Under directions from the officer defendant placed his hands on the police car and was patted down. The officer then showed him a cigarette package, apparently from the debris in the alley, and asked him if it was his. He denied that it was. Nothing had dropped from his pocket. The capsules were not his.

At the close of the hearing the court denied the motion to suppress, saying "All right, there is a credibility question here." A stipulation was then entered into that the case be submitted for trial on the transcript of the preliminary hearing and the testimony taken at the 1538.5 hearing. Defendant waived his rights to confrontation and cross-examination. Defendant's counsel again objected to the introduction of the heroin. He was overruled. Defendant was found guilty of possession of heroin, but no findings were made as to the prior convictions. After his motion

for a new trial was denied, defendant was referred to department 95 for a determination of eligibility for commitment to the California Rehabilitation Center. He was found unsuitable, and was sentenced to state prison for the term prescribed by law.

Six of defendant's eight issues on appeal require only brief discussion.

1. ■ Defendant argues that his motion to suppress the heroin was improperly denied, because he was unlawfully detained and ordered to remove his hands from his pockets; further the cigarette package was unlawfully searched.

Officer Thomas testified, not implausibly, that it appeared to him that defendant and the boisterous woman were together. When one officer spoke to the woman, Thomas saw defendant step toward the rear of that officer with his hands in his pockets. Because of concern for his partner's safety, Thomas ordered defendant to remove his hands from his pockets.

Defendant's testimony as to the operative facts of the encounter did not significantly conflict with Officer Thomas' account. Defendant, however, explained that he did not know the woman, and was merely attempting to walk around the disturbance.

The court hearing the motion to suppress determined that Officer Thomas had a reasonable belief, based on specific facts, that defendant presented a potential danger to his partner's safety and that Thomas chose a means of neutralizing that danger which involved a minimum intrusion. (*People* v. *Figueroa*, 268 Cal.App.2d 721, 726-727 [74 Cal.Rptr. 74]; see *Terry* v. *Ohio*, 392 U.S. 1, 10 [20 L.Ed.2d 889, 899, 88 S.Ct. 1868].) The court did not err.

The officer testified, and the court apparently believed, that defendant withdrew the cigarette package when he removed his hand from his pocket. Once defendant discarded the wrapper, Officer Thomas' examination of the contents did not even constitute a search. (*People* v. *Harris,* 15 Cal. App.3d 498, 501 [93 Cal.Rptr. 285].)

2. Defendant argues that he was denied due process of law because the woman with whom the police thought he was walking at the time of his arrest was not arrested and her identity was not disclosed at his hearing on the motion to suppress evidence. The record does not disclose that defendant ever requested that the woman's identity be disclosed or that the People knew her identity. Defendant was not deprived of any rights by the fact that the woman was not tried for some unrelated offense.

3. Defendant complains that because he had denied the prior felony convictions alleged against him, the court erred in overruling an objection to cross-examination as to the priors. The court noted at the time of the objection that use of prior felony convictions to attack credibility is specifically provided for in the Evidence Code. (Evid. Code, § 788.) The case was tried before January 5, 1972, the date *People* v. *Beagle,* 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1] was filed. (See *id.,* pp. 454-455, fn. 2.) The objection was properly overruled.

4. ■ Defendant contends that the evidence was not substantial because not all of the tablets found in the cigarette wrapper were produced by the prosecution. The wrapper contained 26 tablets and 4 capsules. The only contents of the wrapper which were determined to contain heroin were four capsules, which were placed in evidence. The tablets, six of which were in evidence, did not contain heroin. Defendant does not indicate any way in which their production could have aided him, nor was there any request made at trial for their production. Defendant had ample opportunity to examine Officer Thomas and the chemist as to the chain of custody of the evidence. There is no apparent reason why the tablets not produced have any bearing at all on the substantiality of the evidence that was produced.

5. Defendant contests the chemist's test for heroin in that he did not test for morphine, from which heroin is derived. The chemist did, however, test for heroin, which he found, and for the possession of which defendant was convicted. There is no indication why further tests might have been necessary.

6. ■ Defendant complains that he was deprived of due process of law "because at the preliminary hearing counsel stipulated regarding the testimony of the criminalist and defendant did not personally waive his right to question the chemist at that time." Defendant did, however, question the chemist at length at the time of the hearing on his motion to suppress. Furthermore, counsel's stipulation at the preliminary hearing must be viewed as a tactical decision, not requiring the personal waiver of defendant. (See *In re Mosley,* 1 Cal.3d 913, 924 [83 Cal.Rptr. 809, 464 P.2d 473].)

Finally, defendant never made a motion under section 995 of the Penal Code to set aside the information. (*People* v. *Harris,* 67 Cal.2d 866, 870-871 [64 Cal.Rptr. 313, 434 P.2d 609].)

■ We thus reach defendant's major contentions: the first is that he did not personally waive his rights to confrontation and self-incrimination

as required by *In re Mosley,* 1 Cal.3d 913 [83 Cal.Rptr. 809, 464 P.2d 473]. The *Mosley* case stands for the proposition that when a defendant's case is submitted to the court in a manner which is tantamount to a plea of guilty, defendant must be made aware of the rights which he is effectively waiving.

As far as the right to confrontation is concerned, the prosecutor addressed defendant as quoted in the footnote.[1] Defendant answered in the affirmative. This sounds very much like a waiver of the right to confrontation to us. Defendant argues that the phrase "specifically Officer Thomas" restricts the waiver to that witness and that he never gave up the right to confront the chemist. This argument disregards the fact the chemist testified at the motion to suppress "to accommodate counsel." His testimony was irrelevant to any issue at the motion. He was extensively cross-examined. He was obviously just testifying out of order.[2]

It is perfectly true that defendant never waived his right not to incriminate himself by pleading guilty, quickly or slowly. There are three answers to his contention, two technical and one practical.

Technically, though matters obviously did not look too hopeful when, at the conclusion of the 1538.5 hearing, the court announced that it would deny the motion to suppress because it presented a "credibility question," this was said with reference to the People's burden on the motion, which was merely a preponderance of the evidence. (*People* v. *Superior Court (Bowman)* 18 Cal.App.3d 316, 321 [95 Cal.Rptr. 757]) there was still the possibility that defendant's testimony at the 1538.5 hearing might raise a reasonable doubt.

---

[1] "Mr. Stafford, you are presently before the Court on this Case No. A 272876, which charges you with a violation of Section 11500 Health and Safety Code, a felony.

"Your motion under 1538.5 having been denied by the Court, and you having earlier waived your right to a jury trial this morning, you are now before the Court for a Court trial.

"You have a right to have the witnesses that made the charges against you, specifically Officer Thomas, who is here, have him testify here in court and have your attorney, Mr. Flaxman cross examine him. That's known as the right of confrontation.

"What Mr. Flaxman and I have agreed upon, if the Court agrees to accept that stipulation, would be that the Court would consider all the testimony it has heard in the 1538.5 motion, plus the transcript of the preliminary hearing, and based on that, the Judge would determine your innocence or guilt.

"Is it all right with you, Mr. Stafford, if we proceed in that manner?"

[2] At the very outset of the proceedings defense counsel had announced: "We have agreed, Your Honor, with the district attorney to take a 1538.5 with the officers present. and immediately thereafter a trial, if it is denied, and the defendant will waive a jury."

Further, in ruling on the 1538.5 motion the court presumably disregarded evidence irrelevant to that motion, such as defendant's denial of any connection with the contraband. The court's remark with respect to credibility was, in theory at least, directed to the conflicts concerning the events which preceded the seizure of the wrapper.

So much for the technical arguments. As a practical matter, this is what really happened in this case: by mutual consent, partly expressed,[3] partly implied,[4] the motion to suppress and the trial on the merits were held together. When the court denied the motion to suppress nothing further remained to be done. All the relevant evidence on the question of guilt had been given before the trial court.[5] Going through the business of attempting to elicit *Boykin*[6] waivers from the defendant after all the evidence had been heard, would have been a meaningless ceremony. It seems irrational to hold that a defendant who has testified, who has protested his innocence and who has subjected himself to cross-examination, is giving up his privilege against self-incrimination if he thereafter does not again take the witness stand to repeat the same denials.

■ Defendant's second major contention which caused us some concern is that the record does not disclose his possession of a usable quantity of heroin.

The chemist, as noted above, had testified at the 1538.5 hearing, though his testimony was irrelevant to any issue there. His testimony left no room for doubt that the four capsules contained heroin, which he testified was "cut" with sugar and starch to approximately 3 to 5 percent of the contents of the capsules. He did not, however, weigh the capsules or their powdery contents, and he did not testify to any opinion as to the quantity of powder or heroin in the capsules. Nor does the written record contain any evidence concerning the quantity of the contents of the capsules. We have, however, inspected the exhibit. The capsules are transparent. They are full of white powder. We hold that the real evidence, together with the chemist's testimony, creates a prima facie case that defendant

---

[3] See the prosecutor's remarks before the chemist was called as a witness.

[4] Defendant's denial of guilt, irrelevant to any issue on the motion to suppress, was received in evidence without objection.

[5] To be sure the People did not reexamine Officer Thomas at the trial, his preliminary hearing testimony having been received. He was merely called, identified and placed at the scene, after which he was immediately turned over to the defense for cross-examination. The cross-examination touched on all relevant facts. It covered about 10 pages of transcript.

[6] *Boykin* v. *Alabama*, 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709].

possessed a usable quantity. (*People* v. *Simmons,* 19 Cal.App.3d 960, 965-966 [97 Cal.Rptr. 283].)

The judgment is affirmed.

Aiso, J., and Cole, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.