Opinion
EMERSON, J.*
Petitioners, who are charged with misdemeanors in the municipal court (real party), moved in that court for the suppression of certain evidence pursuant to Penal Code section 1538.5. The motion was granted and the People appealed to respondent appellate department on the superior court. (Pen. Code, § 1538.5, subd. (j), fourth sentence.)
*545 The appellate department filed an opinion in which it stated that it reversed the “conviction” and remanded the case to the municipal court with directions “to take additional evidence . . . and then review the same in light of the applicable cases.” In its opinion, respondent court stated: “We reemphasize we do not regard this as a reversal in substance nor on the merits; rather, the record before us does not permit an adequate basis for ruling on the questions presented.”
Petitioners seek mandamus to compel the appellate department to set aside its ruling and to affirm the order of the municipal court. We conclude that the matter is properly before us (either by mandamus or writ of review), and that the order should be annulled.
The procedure for review of a municipal court order suppressing evidence in a misdemeanor case is entirely statutory. The remedy provided is that of an appeal to the appellate department of the superior court. (Pen. Code, § 1538.5, subd. (j).) In felony cases, the People, if dissatisfied with a suppression ruling, may reopen the issue at the trial of the case, upon a showing of good cause. (Id., third sentence.) It has been held, however, that prior to trial, the court which suppressed the evidence, having once ruled, loses jurisdiction to reconsider its order. (Madril v. Superior Court (1975) 15 Cal.3d 73 [123 Cal.Rptr. 465, 539 P.2d 33].) This is true whether the ruling was in favor of the defendant or the People. (Madril, supra, at pp. 77, 78.) We see no reason why the Madril rule, that the superior court loses jurisdiction once if has rendered an order, should not be applied to municipal courts as well. This conclusion is supported by the one difference between felony and misdemeanor procedures: In a felony trial, the People may produce additional evidence at the trial, on a showing of good cause for their failure to produce it at the hearing. (Subd. (j), third sentence.) Since no comparable provision exists for misdemeanor cases, we conclude that the Legislature intended a municipal court’s suppression order to be final as to the People, even if they have additional evidence they wish to produce at trial which they were unable to produce at the hearing. This conclusion is consistent with the rule that a court may not reconsider its original suppression order.
This rule is established, not only by the foregoing analysis, but by the applicable statute as well. Penal Code section 1469 confers upon the appellate department of the superior court its powers on appeal. That court may reverse, affirm or modify a judgment or order appealed from, but is given no authority to direct a municipal court to reopen a case or to reconsider it. (Id.)
*546 In Stapleton v. Superior Court (1968) 70 Cal.2d 97, 104 [73 Cal.Rptr. 575, 447 P.2d 967], the People urged for the first time on petition for rehearing and modification that a challenged search could be justified as incident to the defendant’s arrest. The Supreme Court held that “a renewal of the special hearing would be inappropriate,” and noted that the People’s remedy was under section 1538.5, subdivision (j): To present “additional evidence” at trial, upon a showing of good cause why the evidence was not produced at the special hearing. (70 Cal.2d at pp. 104-105.) Stapleton strongly suggests that Madril should be construed to prohibit a reviewing court from remanding a section 1538.5 matter to the trial court for further proceedings.
The People cite three cases in which they allege the Court of Appeal remanded a suppression case to the trial court for further proceedings. One case, People v. Robinson (1976) 58 Cal.App.3d 363 [129 Cal.Rptr. 915], was a People’s appeal from a judgment of dismissal under Penal Code section 1238, subdivision (a)(7), after the trial court had suppressed certain evidence. The Court of Appeal reversed the dismissal and remanded for further proceedings (i.e., trial). In Cohen v. Superior Court (1970) 5 Cal.App.3d 429, 435 [85 Cal.Rptr. 354], and People v. Superior Court (Thomas) (1970) 9 Cal.App.3d 203, 210-211 [88 Cal.Rptr. 21], the appellate courts did remand for further section 1538.5 hearings. However, in both cases, the appellate court noted that the trial court was under a mistaken impression as to the applicable law, and therefore did not consider the facts in the proper context. Further, both cases predated Madril, and neither directly considered the propriety of the remand. They therefore are not authority for the validity of such a procedure. (See In re Tartar (1959) 52 Cal.2d 250, 258 [339 P.2d 553].)
We conclude, therefore, that in remanding' the instant case to the municipal court for further proceedings, the appellate department exceeded its jurisdiction.
The judgment of the superior court, appellate department, is annulled and the case remanded to it.
Rattigan, Acting P. J., and Christian, J., concurred.

Retired judge of the superior court sitting under assignment by the Acting Chairman of the Judicial Council.