[Crim. No. 19604. First Dist., Div. Three. Feb. 28, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL JOHN CARATTI, Defendant and Appellant.

COUNSEL

Steve R. Mittleman for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Ronald E. Niver, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WHITE, P. J.**—Defendant and appellant Michael John Caratti appeals from the judgment of the Superior Court of Sonoma County entered after he pled guilty to a violation of Health and Safety Code section 11350 (possession of psilocybin-psilocyn mushrooms).[1]

Detective Dave Anderson of the Sonoma County Sheriff's office was introduced to appellant on May 11, 1978, by an informant named Ray Wallace. The purpose of this meeting was to determine whether appellant had any narcotics for sale.

---

[1]Section 1538.5, subdivision (m) of the Penal Code provides that a defendant may seek review of the validity of a search or seizure on appeal notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty. California Rules of Court, rule 31(d) provides in part: "If the appeal from a judgment of conviction entered upon a plea of guilty or nolo contendere is based solely upon grounds (1) occurring after entry of such plea, which do not challenge the validity of the plea or (2) involving a search or seizure, the validity of which was contested pursuant to section 1538.5 of the Penal Code, the provisions of section 1237.5 of the Penal Code requiring a statement by the defendant and a certificate of probable cause by the trial court are inapplicable, but the appeal shall not be operative unless the notice of appeal states that it is based upon such grounds." Appellant's notice of appeal specifies that the appeal is to seek review of the denial of his motion to suppress evidence.

Appellant informed Detective Anderson that he did not have any of the requested marijuana or psilocybin available. After receiving appellant's telephone number, Detective Anderson told appellant that he would contact him in a few days.

When Detective Anderson phoned appellant on May 16, 1978, appellant informed him that the narcotics would be available the next day. Detective Anderson went to appellant's home the next day and purchased just short of an ounce of marijuana and four grams of psilocybin mushrooms for $65 from him.

Officer Laver of the Sonoma County Sheriff's Department arrested appellant several days later for (1) the sale of psilocybin-psilocyn in violation of Health and Safety Code section 11352; and (2) the sale of marijuana, in violation of section 11360. Appellant pled guilty to possession of psilocybin-psilocyn mushrooms, a lesser included offense.

At least one month prior to the sale to Detective Anderson, Officer Laver testified that he had searched appellant's car, finding "mushrooms" and marijuana. Appellant was not arrested at the time of the search since Officer Laver knew he had conducted the search in such a way that the items seized were (in the court's words) the product of a "dirty search" and appellant could therefore not be prosecuted.

Officer Laver knew the informant, 17-year-old Ray Wallace. Officer Laver told Detective Anderson that Wallace "would be willing to work." Detective Anderson then introduced himself to Wallace for the purpose of meeting appellant. Wallace testified that he had never provided the Sonoma County Sheriff's Department with any information regarding appellant's dealing in marijuana and psilocybin mushrooms.

 Appellant argues that the contraband sold to Detective Anderson was the fruit of the poisonous tree since the information obtained in the prior illegal search of appellant is tainted and evidence obtained as a result of such an investigation must be suppressed.

Appellant's argument is that the marijuana and psilocybin mushrooms he was accused of selling were seized as a result of the information obtained by Officer Laver's prior unlawful search and seizure. Officer Laver's unlawful search and seizure were the source of the information that appellant was involved with marijuana and psilocybin

mushrooms. The subsequent sale to Detective Anderson was an exploitation of the initial unlawful search and seizure.

■ The standard for determining whether evidence must be excluded under the fruit of the poisonous tree doctrine was set by the United States Supreme Court: "We need not hold that all evidence is 'fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.'" (*Wong Sun* v. *United States* (1963) 371 U.S. 471, 487-488 [9 L.Ed.2d 441, 455, 83 S.Ct. 407].) Under *Wong Sun*, evidence is not to be excluded merely because it would not have been obtained but for the illegal police activity. (*Restani* v. *Superior Court* (1970) 13 Cal.App.3d 189, 198 [91 Cal.Rptr. 429].) The question is whether the evidence was obtained by the government's exploitation of the illegality or whether the illegality has become attenuated so as to dissipate the taint. (*Id.*)

Appellant argues that there was no independent source that appellant had marijuana and psilocybin mushrooms for sale other than Officer Laver's illegal search. ■ Assuming this to be true,[2] the independent source rule is not the only way the illegal taint may be dissipated. Inevitable discovery also attenuates the taint of illegality. (*People* v. *Aylwin* (1973) 31 Cal.App.3d 826 [107 Cal.Rptr. 824].) The defendant's consent if "sufficiently an act of free will to purge the primary taint of the unlawful [conduct]" (*Wong Sun, supra*, 371 U.S. at p. 486 [9 L.Ed.2d at p. 454]), may produce the requisite degree of "attenuation." (*People* v. *Sesslin* (1968) 68 Cal.2d 418, 428 [67 Cal.Rptr. 409, 439 P.2d 321], cert. den. 393 U.S. 1080 [21 L.Ed.2d 772, 89 S.Ct. 850]; *People* v. *Prendez* (1971) 15 Cal.App.3d 486, 488 [93 Cal.Rptr. 180]; *People* v. *Baker* (1970) 12 Cal.App.3d 826, 843 [96 Cal.Rptr. 760].) Evidence or witnesses located after an illegal search on "pure happenstance" is not exploitation of the illegality. (*People* v. *McInnis* (1972) 6 Cal.3d 821 [100 Cal.Rptr. 618, 494 P.2d 690], cert. den. 409 U.S. 1061 [34 L.Ed. 2d 513, 93 S.Ct. 562]; *Lockridge* v. *Superior Court* (1970) 3 Cal.

[2]Officer Laver assumed that his search was illegal although no court ever ruled on the issue. In addition, Detective Anderson testified that informant Wallace had supplied him with the information that appellant was "dealing" in drugs. Wallace testified, however, that he had never supplied this information.

3d 166 [89 Cal.Rptr. 731, 474 P.2d 683], cert. den. 402 U.S. 910 [28 L.Ed.2d 652, 91 S.Ct. 1387].)

The evidence can also be attenuated by the defendant in an act of free will which can "'purge the primary taint of the unlawful invasion.'" (*People* v. *Bilderbach* (1965) 62 Cal.2d 757, 768 [44 Cal.Rptr. 313, 401 P.2d 921], quoting *Wong Sun, supra*, 371 U.S. 471; *People* v. *Johnson* (1969) 70 Cal.2d 541, 546 [75 Cal.Rptr. 401, 450 P.2d 865, 43 A.L.R.3d 306], cert. den. 395 U.S. 969 [23 L.Ed.2d 758, 89 S.Ct. 2120].) Under this doctrine, the evidence is sufficiently attenuated if it was obtained by an independent voluntary act by the appellant which is distinguishable from the initial illegality. (*People* v. *Eastmon* (1976) 61 Cal.App.3d 646, 653 [132 Cal.Rptr. 510]; see *Mann* v. *Superior Court* (1970) 3 Cal.3d 1, 8 [88 Cal.Rptr. 380, 472 P.2d 468], cert. den. 400 U.S. 1023 [27 L.Ed.2d 635, 91 S.Ct. 588].) If the defendant commits an intervening independent act which breaks the causal chain between the illegality and the evidence, the evidence is sufficiently attenuated and there is no exploitation of the illegality. (*People* v. *Sesslin, supra*, 68 Cal.2d at p. 428.)

■ Appellant's decision to sell marijuana and psilocybin mushrooms to Detective Anderson was an intervening independent act which attenuated the connection between the seizure of the contraband in his car and his subsequent illegal conduct. The voluntary commission of an offense subsequent to illegal police conduct is sufficient to dissipate the taint caused by the original police misconduct. (*People* v. *Prendez, supra*, 15 Cal.App.3d 486, 489; see *People* v. *Guillory* (1960) 178 Cal. App.2d 854, 856 [3 Cal.Rptr. 415, 80 A.L.R.2d 1077].)

While it may be true, as appellant argues, that the police focused upon appellant's activities as a result of the search of his car, there was no exploitation of the illegality. Appellant's volitional act was the proximate cause of his arrest and conviction. The prior search played no part in his decision to break the law. Accordingly we submit there was no legally cognizable exploitation.

The judgment is affirmed.

Scott, J., and Feinberg, J., concurred.