Filed 5/31/13  P.v. Kimmons CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>NICHOLAS ANDRE KIMMONS,<br><br>     Defendant and Respondent. | A136010<br><br>(San Francisco City & County<br>Super. Ct. No. 217708) |

The People appeal from the dismissal of resisting arrest charges arising from a fracas that occurred when San Francisco police officers attempted to arrest and handcuff defendant Nicholas Andre Kimmons.  Due to insufficient evidence the police had probable cause to arrest defendant, the trial court ordered the suppression of all evidence stemming from the arrest, including the testimony of witnesses to the ensuing altercation.  The court then dismissed the resisting arrest charges for lack of evidence.  The People contend the court erred in suppressing witness testimony concerning defendant's conduct upon his arrest, and in dismissing the charges.  We agree, and will reverse the dismissal order.

## I.  BACKGROUND

Defendant was charged by information with assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1); count I), resisting a peace officer causing serious bodily injury (§ 148.10, subd. (a); count II), three counts of resisting an executive officer with threats

---

[1] All statutory references are to the Penal Code.

and violence (§ 69; counts III–V), and six counts of misdemeanor obstructing a police officer (§ 148, subd. (a)(1); counts VI–XI). The information alleged defendant inflicted great bodily injury during the commission of count III. (§ 12022.7, subd. (a).) The information further alleged defendant had suffered a prior felony conviction pursuant to sections 667, subdivisions (a)(1), (d), and (e), and 1170.12, subdivisions (b) and (c).

Defendant filed a section 995 motion to set aside counts I–V and IX–X, and a motion to suppress under section 1538.5. The section 1538.5 motion sought suppression of (1) all statements defendant made during and following his assertedly unlawful arrest; (2) any items seized from defendant, including a pocketknife; and (3) any other evidence, whether tangible or intangible, that arose from the warrantless arrest and search and seizure of defendant.

The trial court granted defendant's section 995 motion as to counts I and X. Following an evidentiary hearing, the court granted defendant's motion to suppress evidence and dismissed the remaining charges on May 21, 2012.

The People timely appealed from the trial court's May 21, 2012 order.

## A. *Facts*[2]

San Francisco Police Officer Christina Johnson was the only witness at the suppression hearing. She was on duty with her partner, Officer Nathan Bernard, at the Ingleside station when a call came in regarding an aggravated assault on BART. The suspect was described in the radio dispatch as a Black male wearing black clothing and a black beanie. The officers were further informed another person was following the suspect and providing dispatch with updated information on the suspect's location. As the officers responded to the BART station, Johnson noticed defendant, who matched the suspect's description, walking across the street. Another man, who turned out to be the alleged assault victim, was walking behind defendant and talking on his phone.

The officers stopped their marked patrol car and approached defendant. Bernard said, "Let me talk to you about something that happened on BART." Because defendant

---

[2] The following summarizes the evidence adduced at the suppression hearing.

2

did not seem combative, Johnson went over to speak to the alleged victim who appeared to be nodding and gesturing to the officers to indicate they had detained the right person. A few seconds after Johnson walked over to speak to the victim, she noticed Bernard physically struggling with defendant in an attempt to get defendant's hand behind his back. She did not hear any of the conversation between defendant and Bernard preceding the physical struggle. Johnson ran over and grabbed defendant's left arm, telling him to stop resisting and get his hands behind his back. Defendant continued to resist. Officer Ornstein arrived and assisted in struggling to control defendant. The three officers were able to push defendant's body forward, but everyone fell forward "kind of like an ironing board." As Johnson fell, her weight shifted and her wrist bent backward resulting in an injury—a chipped bone—in her hand. Eventually, the officers were able to handcuff defendant and stand him up. He continued to struggle and drag his feet to avoid being placed in the patrol car.

## B. *Trial Court Ruling*

Following the suppression hearing, the trial court granted the motion to suppress due to insufficient evidence to support defendant's arrest. It found that in the absence of facts explaining why Officer Bernard initiated defendant's arrest, the People failed to meet their burden of showing probable cause for the arrest. The court ordered suppressed a pocketknife found on defendant's person, all statements made by defendant during and following the unlawful arrest, and everything else that occurred after Officer Johnson first observed Bernard attempting to handcuff defendant. The court then dismissed the entire case for lack of evidence.

## II. DISCUSSION

The People do not contest the trial court's finding that no probable cause was shown to support defendant's arrest, nor do they challenge the suppression of either the pocketknife or any statements made by the defendant during and following his arrest. The People contend the trial court erred, however, in (1) suppressing *everything* that occurred after the arrest, including the testimony of any witnesses regarding the events

3

occurring after Officer Bernard attempted to handcuff defendant, and (2) dismissing the case on that basis for lack of evidence. We agree with the People on both counts.

"On appeal, we review the evidence in a light favorable to the trial court's ruling on the suppression motion. [Citations.] We uphold those express or implicit findings of fact by the trial court which are supported by substantial evidence. [Citations.] Insofar as the evidence is uncontradicted, we do not engage in a substantial evidence review, but face pure questions of law. [Citations.] We must independently determine whether the facts support the court's legal conclusions." (*People v. Long* (1987) 189 Cal.App.3d 77, 82–83.) We conclude in this case, they do not.

The correct mode of analysis was explained in *People v. Cox* (2008) 168 Cal.App.4th 702 (*Cox*), which is directly on point: "The general remedy available for a violation of one's Fourth Amendment rights is that the evidence discovered as a result of the violation is excluded. The question here is ' "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." ' [Citation.] [¶] In analyzing whether the taint has been purged or dissipated, we look to 'the temporal proximity of the Fourth Amendment violation to the procurement of the challenged evidence, the presence of intervening circumstances, and the flagrancy of the official misconduct.' [Citation.] . . . [¶] Normally, in a case where evidence is uncovered following an illegal search, the search itself procures the evidence sought to be excluded. But it would be a curious use of language to say that the officers' detention of defendant (illegal though it might have been) *procured* the officers' subsequent observations of his resistance to arrest. Unlike tangible evidence that is uncovered when police conduct an unlawful search, *defendant's reaction here to being detained was not inevitable, but an independent decision he himself made, amounting to an intervening circumstance that cured the taint*. [¶] . . . [¶] . . . Here, *defendant chose of his own free will to resist and impede Officer Lannom's search, and then chose to flee. Both of these choices were independent, intervening acts, sufficiently distinct from the illegal detention to dissipate the taint*. We thus affirm the

4

trial court's ruling in denying defendant's motion to dismiss—not because (as the trial court found) defendant broke the law when he walked in the middle of the roadway, but rather because his resistance to arrest and attempted flight dissipated the taint created by the illegal detention." (*Id.* at pp. 711–712, italics added, fn. omitted.)

Numerous cases follow the analysis in *Cox.* (See *People v. Prendez* (1971) 15 Cal.App.3d 486, 487–488 [defendant's action in taking flight after an illegal entry into his motel room was an independent, intervening act, sufficiently distinct from the illegal entry to cure the taint and permit use of the evidence seized from him when he was caught]; *In re Richard G.* (2009) 173 Cal.App.4th 1252, 1262 [individual's decision to commit a new and distinct crime, even if made during or immediately after an unlawful detention, breaks the causal link between any constitutional violation and evidence of the new crime]; *People v. Guillory* (1960) 178 Cal.App.2d 854, 856 [evidence of attempt to bribe arresting officers after unlawful search and arrest was admissible because bribery attempt was a spontaneous, intervening act].) Numerous cases from other jurisdictions concur that evidence of an attack on officers in reaction to an illegal search or arrest is admissible notwithstanding the Fourth Amendment exclusionary rule. (See, e.g., *People v. Villarreal* (1992) 152 Ill.2d 368; *Jones v. State* (Miss. 2001) 798 So.2d 1241; *In re B.A.M.* (2008) 346 Mont. 49; *People v. Townes* (1976) 41 N.Y.2d 97; *State v. Miskimins* (S.D. 1989) 435 N.W.2d 217; *State v. Mierz* (1995) 127 Wash.2d 460.)

In this case, the trial court went too far in suppressing the testimony of Officer Johnson and other potential witnesses concerning defendant's conduct in resisting arrest, as well as in dismissing the remaining charges, all of which concerned his conduct toward the arresting officers. Any witness observations of that conduct were the result of defendant's independent, intervening decision to resist arrest. Such evidence was not tainted by the illegality of the arrest, as determined by the trial court on the motion to suppress, nor did it constitute an exploitation of the illegality.

It may be that lack of probable cause will defeat the resisting arrest charges in issue. To sustain them, the People have the burden of proving the officer was *lawfully* performing or attempting to perform his duties when defendant was arrested. (See

5

CALCRIM Nos. 2652, 2655, 2656.) Under CALCRIM No. 2670, "[a] peace officer is not lawfully performing his or her duties if he or she is . . . unlawfully arresting or detaining someone . . . ." But the lawfulness of the officer's actions is a jury question to be decided based on the evidence presented at trial. (*People v. Gonzalez* (1990) 51 Cal.3d 1179, 1217.) The fact that insufficient evidence of probable cause was mustered at the suppression hearing is not conclusive of that issue. Because testimony concerning defendant's actions in resisting arrest should not have been suppressed, and the charges against him are still provable, the dismissal order must be reversed and the charges reinstated.

## III. DISPOSITION

The trial court's May 21, 2012 order suppressing evidence of defendant's postarrest conduct toward the arresting officers and dismissing the charges pending against him is reversed. Those portions of the order not in issue on this appeal are affirmed.


_____
Margulies, Acting P.J.


We concur:


_____
Dondero, J.


_____
Banke, J.


6