[Civ. No. 60395. Second Dist., Div. Three. Nov. 25, 1980.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
BILL SCOTT, JR., Real Party in Interest.

Burt Pines, City Attorney, Jack L. Brown and John D. O'Loughlin, Deputy City Attorneys, for Petitioner.

No appearance for Respondent.

Thomas Davis for Real Party in Interest.

**OPINION**

**COBEY, Acting P. J.**—This matter is before us upon a writ of review which we issued at the direction of the Supreme Court. The background of the matter is as follows: The real party in interest, Bill Scott, Jr., was arrested on May 28, 1979, for violation of Vehicle Code section 23102, subdivision (a) (misdemeanor drunk driving). Scott asked for a chemical blood test at the scene of his arrest and again at the police station after he had been advised, pursuant to Vehicle Code section 13353, subdivision (a), of his right to choose between chemical tests of his blood, breath or urine. The police instead administered to him only a breath test, although facilities were immediately available at the police station for the administration of a blood test, and Scott's third request for a blood test occurred after he saw the results of the breath test.

On August 31, 1979, Scott moved to suppress the results of the breath test purportedly pursuant to Penal Code section 1538.5. On September 19, 1979, the municipal court denied the motion on the ground that it did not lie under section 1538.5. Prior to any trial of Scott for the misdemeanor charged, he appealed this denial to the appellate department of the superior court which, in a two-to-one opinion and judgment, reversed the municipal court and directed suppression of the results of the breath test. On July 2, 1980, the People separately applied to the appellate department for rehearing and for certification of the case for transfer to this court. On July 18, 1980, the appellate department denied rehearing but certified the case for transfer to this

court. On August 6, 1980, this court declined to accept transfer, whereupon the People petitioned the Supreme Court for, among other things, a writ of mandate directing the appellate department to dismiss Scott's appeal from the denial of his suppression motion. In response to this petition the Supreme Court directed us to issue a writ of review of the matter, which we have done.

The municipal court and the dissenter in the appellate department of the superior court are correct in their view that Scott's suppression motion, although called a section 1538.5 motion, was instead actually a common law suppression motion. █ Under *People* v. *Superior Court (Zolnay)* (1975) 15 Cal.3d 729, 733-734 [125 Cal.Rptr. 798, 542 P.2d 1390], as construed in *People* v. *DeVaughn* (1977) 18 Cal.3d 889, 896, footnote 6 [135 Cal.Rptr. 786, 558 P.2d 872], a section 1538.5 motion may be grounded only upon claimed unconstitutional search and seizure.[1] It may not rest upon other claimed constitutional violations unless these involve unconstitutional search and seizure. █ The denial to Scott of the blood test he thrice unsuccessfully sought was not only a violation of an express provision of the aforementioned Vehicle Code section 13353, subdivision (a), but was also a denial to him of constitutional due process of law because it prevented him from obtaining evidence necessary to his defense. Consequently the results of the breath test administered to Scott may not be introduced against him at trial, notwithstanding the municipal court's pretrial denial of his motion to suppress such results. (*Brown* v. *Municipal Court* (1978) 86 Cal. App.3d 357, 361, 363, 365 [150 Cal.Rptr. 216]; *People* v. *Superior Court (Zolnay)*, *supra*, 15 Cal.3d at p. 734.)[2]

There was no unconstitutional search and seizure, however, in administering the breath test to Scott. (See *Schmerber* v. *California* (1966) 384 U.S. 757, 771-772 [16 L.Ed.2d 908, 920, 86 S.Ct. 1826]; *People* v. *Superior Court (Hawkins)* (1972) 6 Cal.3d 757, 761 [100 Cal.Rptr. 281, 493 P.2d 1145].)

---

[1] We use this broad language advisedly to include motions grounded upon violation of the state constitutional provision (art. I, § 13) as well as the federal constitutional provisions (4th & 14th Amends. to the U.S. Const.). The authorities we rely upon, though, apparently dealt only with the federal constitutional provisions, but we see no reason why their reasoning should not apply equally to motions made pursuant to the state constitional provision.

[2] In a criminal prosecution, suppression of evidence is required only when the evidence has been obtained through deprivation of constitutional rights, transgression of statutes embodying constitutional standards or where specifically required by statute. (*Armenta* v. *Superior Court* (1976) 61 Cal.App.3d 584, 594 [132 Cal.Rptr. 586].)

■ A denial of a common law suppression motion is not reviewable pretrial. (*People* v. *Superior Court (Zolnay)*, *supra*, 15 Cal.3d at p. 734.) Therefore the appellate department of the superior court should have dismissed Scott's purported pretrial appeal therefrom.

### DISPOSITION

The appellate department is directed to vacate its opinion and judgment herein, and to remand the underlying criminal prosecution to the municipal court for further proceedings therein consistent with the views expressed in this opinion.

Allport, J., and Potter, J., concurred.