[No. F002268. Fifth Dist. May 20, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN HENRY TRUER, Defendant and Appellant.

438

**COUNSEL**

Hugh B. Fielder, under appointment by the Court of Appeal, and Scott L. Fielder for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Daniel J. Kremer, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, James Ching, James T. McNally, Thomas R. Yanger and Ben Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

Christopher N. Heard as Amicus Curiae on behalf of Plaintiff and Respondent.

**OPINION**

**FRANSON, J.**—On August 23, 1984, the Supreme Court granted a hearing in our first opinion in this appeal (*People* v. *Truer* (Cal.App.)). On April 4, 1985, the Supreme Court retransferred the cause to us with the suggestion that we refile our opinion with appropriate reference to *In re Lance W.* (1985) 37 Cal.3d 873 [210 Cal.Rptr. 631, 694 P.2d 744]. This we do.

Appellant appeals from a conviction of possession of piperidine and cyclohexanone with intent to manufacture phencyclidine (PCP). (Health & Saf. Code, § 11383, subd. (b).)

In August of 1982, appellant ordered chemicals to produce PCP from two federal Drug Enforcement Administration (DEA) "storefront" operations that advertised in trade journals to trap PCP manufacturers. The DEA informed a sheriff's deputy of the orders and then obtained the chemicals from a legitimate supplier. Officer William G. Miller, a local California Bureau of Narcotics Enforcement officer, was present when the packages containing the chemicals obtained from the legitimate companies were opened, the product labels changed (to indicate they were from the DEA "storefronts"), and the packages were closed and delivered to appellant by parcel post. Local officers watched appellant receive the packages and place them in a storage unit.

Officer Miller then sought a search warrant. His affidavit recited that appellant "had ordered one gallon of cyclohexanone from a chemical supply company" and made numerous references to chemical supply companies in Georgia and Illinois. The existence of the DEA's "storefront" operation was thus concealed from the magistrate. These false representations were also made in testimony during appellant's preliminary examination. The warrant issued, the chemicals were seized and this prosecution followed.

On February 7, 1983, appellant moved under Penal Code section 1538.5 motion to suppress the evidence found in the search. Appellant's motion was based on the theory that he had ordered the chemicals from a legitimate chemical supply company, and the officers had engaged in an illegal search in opening and relabeling the packages. This theory was undermined by the revelation that the "chemical companies" were really DEA "storefront" operations. Appellant argued at the hearing that Officer Miller's omissions were intentional and basically a lie[1] to conceal the DEA's undercover operation, and as a result, the search warrant should be quashed, citing *Morris v. Superior Court* (1976) 57 Cal.App.3d 521 [129 Cal.Rptr. 238] and *People* v. *Cook* (1978) 22 Cal.3d 67 [148 Cal.Rptr. 605, 583 P.2d 130].

The prosecutor contended the omissions were "irrelevant" since they were unrelated to probable cause and that appellant's contentions were "frivolous." The prosecutor, however, did not respond to appellant's argument from *Morris* v. *Superior Court, supra,* 57 Cal.App.3d 521 and *People* v. *Cook, supra,* 22 Cal.3d 67 and did not mention "Proposition 8" or the "Right to Truth-in-Evidence" provision of California Constitution article I, section 28, subdivision (d).[2] The suppression motion was denied, and appellant pleaded guilty. He was sentenced to prison for the middle term of four years.

DISCUSSION

■ Respondent argues that since the instant crime occurred after June 8, 1982, the date of the adoption of the "Right to Truth-in-Evidence" provision (Cal. Const., art. I, § 28, subd. (d), which provides ". . . relevant evidence shall not be excluded in any criminal proceeding . . ."), the evidence seized from appellant should not be excluded because of the intentional misrepresentations and omissions in the warrant affidavit. ■ Although the California constitutional provision does not repeal the federal exclusionary rule announced in *Mapp* v. *Ohio* (1961) 367 U.S. 643 [6

---

[1]Respondent characterizes the misdescription as an "omission," not an intentional falsehood. But Officer Miller admitted that he knew "Georgia Lab Supply" was a DEA operation when he referred to it as a "chemical supply company." This is an admission of intentional falsehood. It is also an intentional omission. *People* v. *Kurland* (1980) 28 Cal.3d 376, 390 [168 Cal.Rptr. 667, 618 P.2d 213] treats intentionally misleading *material* omissions like falsehoods.

[2]California Constitution article I, section 28, subdivision (d), provides "Right to Truth-in-Evidence. Except as provided by statute hereafter enacted by a two-thirds vote of the membership in each house of the Legislature, *relevant evidence shall not be excluded in any criminal proceeding,* including pretrial and post conviction motions and hearings, or in any trial or hearing of a juvenile for a criminal offense, whether heard in juvenile or adult court. Nothing in this section shall affect any existing statutory rule of evidence relating to privilege or hearsay, or Evidence Code, Sections 352, 782 or 1103. Nothing in this section shall affect any existing statutory or constitutional right of the press." (Italics added.)

L.Ed.2d 1081, 81 S.Ct. 1684], it does abrogate California's independent exclusionary rules. (*In re Lance W., supra,* 37 Cal.3d 873 [210 Cal.Rptr. 631, 694 P.2d 744].)

■ Appellant contends respondent has waived the right to assert the constitutional amendment as a justification for the admission of the evidence since the prosecution never explicitly asserted this ground as a defense to appellant's motion to suppress. Further, appellant argues that if this court chooses to treat respondent's argument concerning the amendment on its merits, we should give it a narrow interpretation and hold that it does not apply to search warrants.

Although the People, as well as the defense, are generally prohibited from asserting new theories on appeal (see *People* v. *Miller* (1972) 7 Cal.3d 219, 227 [101 Cal.Rptr. 860, 496 P.2d 1228]; *Lorenzana* v. *Superior Court* (1973) 9 Cal.3d 626, 640-641 [108 Cal.Rptr. 585, 511 P.2d 33]), we elect to consider the "Right to Truth-in-Evidence" provision on its merits. The argument is purely one of law and does not turn upon any factual determination below. (See *Hale* v. *Morgan* (1978) 22 Cal.3d 388, 394 [149 Cal.Rptr. 375, 584 P.2d 512].)[3]

■ Turning to the merits of article I, section 28, subdivision (d) as it applies to this case, it is clear that the evidence seized here was relevant. It proved appellant's possession of prohibited chemicals, an essential element of the crime charged.

In *Franks* v. *Delaware* (1978) 438 U.S. 154 [57 L.Ed.2d 667, 98 S.Ct. 2674], the United States Supreme Court ruled that the Fourth Amendment does not compel exclusion of evidence obtained under a search warrant based on an affiant's deliberate falsehood, i.e., false statements made "knowingly and intentionally, or with reckless disregard for the truth." Under the high court's analysis, the deliberate falsehoods should be excised from the affidavit. Only if the affidavit's remaining content is insufficient to establish probable cause, must the search warrant be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit. (*Id.,* at p. 156 [57 L.Ed.2d at p. 672].) On the other hand, if after excising the deliberate falsehoods from the affidavit the reviewing court finds that probable cause for the search still exists, then the warrant will stand, and the evidence need not be excluded. (*Id.,* at pp. 171-172 [57 L.Ed.2d at p. 682].)

---

[3]The parties and the court at the suppression motion on February 23, 1983, presumably knew about Proposition 8. It had been adopted by the voters June 8, 1982, and had withstood a challenge to its overall constitutionality in the California Supreme Court on September 2, 1982. (*Brosnahan* v. *Brown* (1982) 32 Cal.3d 236 [186 Cal.Rptr. 30, 651 P.2d 274].)

In *People* v. *Cook, supra,* 22 Cal.3d 67, our California Supreme Court recognized the restrictive interpretation of the Fourth Amendment made in *Franks* v. *Delaware, supra,* 438 U.S. 154: "A recent decision of the United States Supreme Court holds under the Fourth Amendment, as we do under the California Constitution and statutes, that a defendant is entitled to challenge the veracity of a search warrant affidavit and prove it contains statements that were either knowingly false or made with reckless disregard for the truth. [Citation.] But in two significant respects the decision would afford our citizens less protection than is guaranteed to them under California law: it forbids such a challenge when the misstatements are negligent rather than intentional, contrary to our decision in [*Theodor* v. *Superior Court* (1972) 8 Cal.3d 77, 100-101 (104 Cal.Rptr. 226, 501 P.2d 234)]; and even when deliberate lies are proved it requires only that they be excised and the remainder of the affidavit be tested for probable cause, contrary to our holding in the case at bar under article I, section 13, of the California Constitution. In these circumstances it is settled doctrine (*People* v. *Pettingill* (1978) 21 Cal.3d 231, 248 . . ., and cases cited) that *Franks* is not to be followed in California and that all challenges to the veracity of a search warrant affidavit in our courts are to be governed by *Theodor* and article I, section 13, of the California Constitution as explicated herein." (*People* v. *Cook, supra,* 22 Cal.3d at p. 88, fn. omitted.)

Appellant argues that we should give a narrow interpretation to California Constitution article I, section 28, subdivision (d), by holding that it does not apply to evidence obtained via search warrants. Appellant observes that nothing in subdivision (d) explicitly pertains to search warrants nor does it refer to article I, section 13, of the California Constitution which establishes the right to be free from unreasonable searches and seizures. Appellant argues with eloquence and fervor that we would be doing the citizens of our state a great disservice if we should find that the amendment abrogates the salutary rules governing the quashing of search warrants where police officers intentionally misrepresent facts to obtain a warrant. Overzealous police officers will be encouraged to lie in their affidavits. If they are caught lying, the worst that would happen is the court would delete the lie and retest the affidavit for probable cause. "Thus, the police would be placed in the tempting position of having nothing to lose and everything to gain in search warrants cases, by misleading the courts. Such a ridiculous situation was certainly never envisioned by the voters of California when they passed Proposition 8."

We respond to appellant's arguments as follows: First, we do not accept the proposition that if our state's constitutional exclusionary rule is not applied to evidence obtained on the basis of intentionally false affidavits in support of search warrants that police officers will be encouraged to engage

in wholesale acts of perjury to obtain search warrants. We believe the great majority of police officers are law abiding and will continue to honestly disclose the relevant facts to the magistrate as they understand them to be. As to those few officers who might be tempted to misrepresent facts to obtain a warrant, there are other remedies available which should deter them from such misconduct or which could be used to punish those who would actually participate in such wrongdoing. For example, an officer who would deliberately lie in an affidavit to mislead a magistrate would be subject to prosecution for perjury (Pen. Code, §§ 118, 119), and any officer who would willfully procure another officer to commit such perjury would be guilty of subornation of perjury. (Pen. Code, § 127.) Apart from criminal prosecution, the officers would also be subject to administrative proceedings leading to discipline or discharge. ■ Additionally, perjury or false statements under oath which tend to obstruct the administration of justice may be punished as a *contempt of court.* (See *People* v. *Barry* (1957) 153 Cal.App.2d 193, 201 [314 P.2d 531]; cf. *In re Blache* (1940) 40 Cal.App.2d 687, 691 [105 P.2d 635]; 2 Witkin, Cal. Crimes (1963) Crimes Against Governmental Authority, § 830, p. 780; Note (1945) 18 So.Cal.L.Rev. 284; Annot. (1963) 89 A.L.R.2d 1258.) Also, in extreme cases the trial court would have the authority to consider dismissing the case in the "interests of justice" pursuant to Penal Code section 1385.[4]

Appellant asks us to declare a rule imposing the extreme penalty of dismissal in all cases of intentional misrepresentation. This issue is not before us in the present appeal. Penal Code section 1385 gives the discretion to dismiss to the trial court, and this has not yet been asked for below. ■ In any case, we believe that the sanction of dismissal is clearly discretionary and is only required in particularly egregious cases. While we do not approve the misrepresentations and omissions involved here, they do not manufacture probable cause out of thin air. Appellant thought he was ordering the chemicals from a chemical company, and the officer may have thought that the involvement of the DEA was irrelevant.

■ Since Officer Miller's intentional misrepresentations and omissions in the affidavit had no bearing on the question of probable cause and since the remaining allegations of the affidavit fully support a finding of probable cause, appellant's motion to suppress was properly denied.

---

[4]Penal Code section 1385 provides: "The judge or magistrate may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."

The judgment is affirmed.

Brown (G. A.), P. J., and Hanson (P. D.), J., concurred.

Appellant's petition for review by the Supreme Court was denied July 31, 1985.