[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 923 
OPINION
Appellant and defendant Anthony R. Brewster (Brewster) appeals from the judgment entered February 7, 1984, following a jury's verdict finding him guilty of robbery. (Pen. Code, § 211.) We affirm.
(All statutory references are to the Penal Code unless otherwise stated.)
Brewster raises only two issues on appeal. He first
contends that the trial court committed reversible error in denying his motion made pursuant to People v. Wheeler (1978)22 Cal.3d 258 [148 Cal.Rptr. 890, 583 P.2d 748], claiming that the court failed to conduct a sincere and reasoned evaluation of the prosecutor's justifications for exercising four of his five peremptory challenges against Black veniremen. (We note that Brewster is Black while the robbery victim is White.)
(1) In Wheeler, supra, and in the subsequent case ofPeople v. Hall (1983) 35 Cal.3d 161 [197 Cal.Rptr. 71,672 P.2d 854], the Supreme Court held that a party may not exercise his peremptory challenges to exclude systematically members of a cognizable group in violation of the defendant's constitutional right to a trial by a jury drawn from a representative cross-section of the community. (People v. Wheeler, supra,
22 Cal. 3d at pp. 276-277.) The constitutionality of the prosecutor's use of peremptory challenges is determined by applying a two-part analysis. First, the defense may rebut *Page 924 
the initial presumption that the prosecution is exercising his peremptory challenges in a constitutional manner by making a prima facie showing that the challenges were predicated on group bias. Once such a showing is made to the court's satisfaction, the prosecutor then has the burden of demonstrating that the challenges were justified on the basis of specific bias "and . . . the court [must] satisfy itself that the explanation is genuine." (People v. Hall, supra, 35 Cal.3d at p. 167, original italics.)
In this matter, the defense evidently interposed a Wheeler
objection at the side bar after the prosecutor exercised his first two peremptory challenges against Black individuals. The prosecutor's third challenge was directed against a White venireman and his fourth against another Black. The prosecutor then twice accepted a prospective jury that included three Black veniremen. After the defense made several more peremptory challenges, the district attorney exercised a fifth challenge against a Black woman, leaving two Black males on the final panel.
During the subsequent hearing on the Wheeler motion, the trial judge apparently accepted Brewster's argument that a prima facie case of impermissible group bias was established by the prosecutor exercising four of his five peremptory challenges towards Black veniremen. Without explicitly ruling that the defense made a prima facie case, the trial judge stated: "I think the shoe is now on your foot, Mr. Prosecutor." The prosecutor then explained his peremptory challenges and the motion was denied. During the sentencing hearing, Brewster's motion for new trial, based on renewed Wheeler grounds, also was denied.
As we discern no error in the trial court's determination that a prima facie case was established (see People v. Harvey
(1984) 163 Cal.App.3d 90, 111-112 [208 Cal.Rptr. 910]), our review thus focuses on the second phase of the Wheeler
analysis, i.e., whether the trial court fulfilled its obligation to make a sincere and reasoned inquiry into the prosecution's justifications for exercising his peremptory challenges. (People v. Wheeler, supra, 22 Cal.3d at 282; People v.Clay (1984) 153 Cal.App.3d 433, 455 [200 Cal.Rptr. 269].)
The Supreme Court was faced with the same issue in People v.Hall, supra, 35 Cal.3d 161. In that case, a Black defendant established a prima facie case of group bias by showing that the prosecutor had exercised five of eight peremptory challenges against Black individuals and that no Blacks remained on the jury. Although the trial judge required the prosecutor to justify the suspect peremptory challenges, he did not conduct any inquiry into the explanations, stating that "a peremptory challenge is a peremptory challenge, otherwise, it's meaningless" and that systematic exclusion of a *Page 925 
class of prospective jurors "occurs only when the prosecutor announces an intent to keep all members of that group off the jury." (35 Cal.3d at 165-166.) The Supreme Court reversed, holding that the trial court had failed to exercise its duty to investigate thoroughly the prosecutor's reasons for exercising the peremptory challenges, the suspect nature of which was exacerbated by a record containing ample evidence of disparate treatment between the challenged Black veniremen and those non-Black individuals who ultimately were selected for the jury. (Id., at pp. 168-169.)
(2) Despite Brewster's urging to the contrary, we find that the facts of this case differ from Hall's. First, we discern no disparate treatment between the excused veniremen and those finally selected. Each was asked similar questions during voir dire and each was examined for a similar length of time. And we further note that two Black veniremen remained on the panel, a situation that did not occur in the cases cited by Brewster. (Cf.People v. Hall, supra, 35 Cal.3d at p. 165; People v.Wheeler, supra, 22 Cal.3d at p. 263; People v. Allen (1979)23 Cal.3d 286, 291 [152 Cal.Rptr. 454, 590 P.2d 30]; People v.Fuller (1982) 136 Cal.App.3d 403, 415 [186 Cal.Rptr. 283].)
Considering the foregoing, we cannot say that the record supports Brewster's contention that the trial court misunderstood its obligation under Wheeler to evaluate "sincerely and reasonably" the prosecutor's explanations for exercising the peremptory challenges "in light of the circumstances of the case as then known, [the trial court's] knowledge of trial techniques, and [its] observations of the manner in which the prosecutor has examined members of the venire and has exercised challenges for cause or peremptorily, for `we rely on the good judgment of the trial courts to distinguish bona fide reasons for such peremptories from sham excuses belatedly contrived to avoid admitting acts of group discrimination.'" (People v. Hall,supra, 35 Cal.3d at pp. 167-168, quoting People v. Wheeler,supra, 22 Cal.3d at p. 282.)
Finally, our independent review of the record discloses sufficient evidence to support the prosecutor's justifications for exercising his peremptory challenges against the four prospective Black jurors. (See People v. Wheeler, supra,
22 Cal. 3d at p. 275.)
Accordingly, we hold that the trial court did not abuse its discretion in denying Brewster's Wheeler motion or his motion for new trial based on alleged Wheeler error.
Brewster's second and remaining contention raises the question as to whether evidence that was suppressed pursuant to section 1538.5 in a prior *Page 926 
unrelated proceeding was properly introduced during the sentencing hearing in this matter.
On an earlier occasion, in 1978, Brewster was arrested and prosecuted for murder. He was twice tried; neither trial resulted in a conviction. To establish aggravating circumstances and thus the greater penalty, the People in the case at hand sought to introduce evidence that the firearm used in the earlier murder was found in Brewster's possession, a fact that had been suppressed in both of the prior trials. They also introduced evidence linking the firearm to the bullet that was recovered from the homicide victim, as well as other testimony associating Brewster with the murder. Over Brewster's objections, the trial court of the instant case ruled that the previously suppressed evidence was, upon sentencing, admissible pursuant to article I, section 28, of the California Constitution (Proposition 8). He then sentenced Brewster to the upper term of five years in state prison.
It bears emphasis at this point that we are concerned with aPenal Code section 1538.5 motion to suppress evidence claimed to have been taken in violation of the Fourth Amendment and its California counterpart.
(3) We note initially that suppression of evidence taken in violation of the state or federal Constitution is not
constitutionally compelled. As is well known, such suppression is "a judicially declared rule of evidence" (People v. Cahan
(1955) 44 Cal.2d 434, 442 [282 P.2d 905, 50 A.L.R.2d 513]), and a "judicially created remedy designed to safeguard Fourth Amendment rights generally" (United States v. Calandra (1974)414 U.S. 338, 348 [38 L.Ed.2d 561, 571, 94 S.Ct. 613]). "Nor is there such an absolute statutory right. Penal Code section 1538.5 is directed only toward implementation of such Fourth Amendment rights of an accused as he may have. (People v. Superior Court(Smith) (1969) 70 Cal.2d 123, 128 [74 Cal.Rptr. 294,449 P.2d 230]; and see People v. Manning (1973) 33 Cal.App.3d 586, 599 [109 Cal.Rptr. 531]; Kirby v. Superior Court (1970)8 Cal.App.3d 591, 597 [87 Cal.Rptr. 577].)" (People v. Newell
(1979) 93 Cal.App.3d 29, 36 [155 Cal.Rptr. 430]; see alsoPeople v. Superior Court (Scott) (1980) 112 Cal.App.3d 602, 605 [169 Cal.Rptr. 412].) And Penal Code section 1538.5, subdivision (n), provides that: "Nothing in this section shall be construed as altering . . . (iv) the law relating to the reasonableness of a search or seizure. . . ."
On June 8, 1982, before commission of Brewster's instantly charged crime, the People of California adopted article I, section 28 of the state's Constitution, commonly known as Proposition 8. In In re Lance W. (1985) 37 Cal.3d 873
[210 Cal.Rptr. 631, 694 P.2d 744], the high court had before it the issue: "Does section 28(d) abrogate the California exclusionary rule *Page 927 
and violation of article I, section 13, as bases upon which California courts may exclude unlawfully seized evidence?" (P. 885.) (4) Answering the question the court said: "The express intent of section 28(d) is to ensure that all relevant evidence be admitted. That purpose cannot be effectuated if the judiciary is free to adopt exclusionary rules that are not authorized by statute or mandated by the Constitution." (Id., at p. 889.) "Implicit in the limitation on the courts' power to exclude relevant evidence to the enumerated statutory exceptions is a limitation on the power of the court to create nonstatutory exclusionary rules, whether denominated rules of procedure, rules of evidence, or substantive rules, for the exclusion. . . ." (Id. at pp. 888-889.) "What Proposition 8 does is to eliminate a judicially created remedy for violations of the search and seizure provisions of the federal or state Constitutions, through the exclusion of evidence so obtained, except to the extent that exclusion remains federally compelled." (Id., at pp. 886-887.)
And the holding of In re Lance has now been stated as: abrogating "California's independent exclusionary rule" (People
v. Truer (1985) 168 Cal.App.3d 437, 441 [214 Cal.Rptr. 869]); "California rules which are contrary to federal rules excluding relevant evidence seized in the course of illegal searches are abrogated by section 28(d)" (People v. Daan (1984)161 Cal.App.3d 22, 28 [207 Cal.Rptr. 228]); and, allowing "exclusion of relevant, but unlawfully obtained evidence, only if exclusion is required by the United States Constitution" (People v. Aho
(1985) 166 Cal.App.3d 984, 989-990 [212 Cal.Rptr. 686], cert den.474 U.S. 995 [88 L.Ed.2d 360, 106 S.Ct. 409]).
We accordingly resolve the question before us, as we must,under federal law explicating the Fourth Amendment of the United States Constitution. As we have pointed out, the exclusionary rule permitting suppression of evidence is not
required by the state or federal Constitution.
Although the lack of constitutional compulsion seems to resolve the instant issue against Brewster, we nevertheless note the following utterances of the United States Supreme Court: "[F]acts [evidence] improperly obtained do not `become sacred and unaccessible'" (Nardone v. United States (1939) 308 U.S. 338, 341 [84 L.Ed. 307, 311, 60 S.Ct. 266]), and the "connection" between the manner in which such evidence is obtained, and its later desired use, "may have become so attenuated as to dissipate the taint." (Id., at p. 341 [84 L.Ed. at p. 312].) "Despite its broad deterrent purpose, the exclusionary rule has never been interpreted to proscribe the use of illegally seized evidence in all proceedings or against all persons." (United States v.Calandra, supra, 414 U.S. 338, 348 [38 L.Ed.2d 561, 571].) "If [as in the case before us] the defendant commits an intervening independent act which breaks the causal chain between the illegality and the evidence, the *Page 928 
evidence is sufficiently attenuated and there is no exploitation of the illegality. . . . The voluntary commission of an offensesubsequent to illegal police conduct is sufficient to dissipatethe taint caused by the original police misconduct." (People
v. Caratti (1980) 103 Cal.App.3d 847, 852 [163 Cal.Rptr. 265], italics added; see also authority there collected.)
(5a) We further note that federal Courts of Appeals with near unanimity have held that illegally seized, and even as here, previously suppressed, evidence may properly be used in imposing sentence. (See, e.g., United States v. Butler (5th Cir. 1982)680 F.2d 1055; United States v. Larios (9th Cir. 1981)640 F.2d 938; United States v. Lee (4th Cir. 1976) 540 F.2d 1205, cert. den. 429 U.S. 894 [50 L.Ed.2d 177, 97 S.Ct. 255]; UnitedStates v. Vandemark (9th Cir. 1975) 522 F.2d 1019; UnitedStates v. Schipani (2d Cir. 1970) 435 F.2d 26, cert. den.401 U.S. 983 [28 L.Ed.2d 334, 91 S.Ct. 1198]; contra: Verdugo v.United States (9th Cir. 1968) 402 F.2d 599, cert. den.402 U.S. 961 [29 L.Ed.2d 124, 91 S.Ct. 1623].) And we observe thatVerdugo v. United States, supra, while alone holding, contrary to the generally accepted principle, that the exclusionary rule is a "constitutional right," held improper only "in some circumstances, . . . use of illegally seized evidence in sentencing." The court further held: "The permissible scope of the sentencing judge's inquiry is accordingly broad, and limitations are not lightly imposed either upon the kind of information the court may consider or the source from which it may be obtained." (402 F.2d at p. 611.) And in Verdugo, the Fourth Amendment violation appears, unlike the case before us, to have been made in the same case for which the defendant was being sentenced.
"A sentencing judge . . . is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant — if not essential — to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." (Williams v. New York
(1949) 337 U.S. 241, 247 [93 L.Ed. 1337, 1342, 69 S.Ct. 1079].)
(6) Finally, it will be remembered that in the instant case the evidence was suppressed long before in earlier and unrelated proceedings. It was said in People v. Williams (1979)89 Cal.App.3d 1026, 1032 [152 Cal.Rptr. 892]: "We construe section1538.5, subdivision (d), which states that suppressed `evidence shall not be admissible against the movant at any trial or hearing,' as referring to a trial or hearing in the particular cause of action in which the suppression ruling is made."
(Italics added.) And we held in People v. Superior Court(Brotherton) (1983) 147 Cal.App.3d 281, 287 [195 Cal.Rptr. 96], that an "order granting a motion to suppress evidence, *Page 929 
section 1538.5, subdivision (d) will preclude relitigation of the suppression issues upon a subsequent filing in the same countyof the identical charges. . . ." (Italics added.) And it is held that: ". . . Penal Code section 1538.5 does not require its application to subsequent prosecutions on different charges." (Buttimer v. Alexis (1983) 146 Cal.App.3d 754, 762 [194 Cal.Rptr. 603].) Indeed, the state's high court has found it "absurd" to suppose that "the Legislature intended [section1538.5's above-noted] subdivision (d) to serve as a general exclusionary rule making all illegally obtained evidence inadmissible; . . . its purpose is considerably more modest." (People v. Belleci (1979) 24 Cal.3d 879, 888 [157 Cal.Rptr. 503,598 P.2d 473].)
(5b) We recognize that in the above-noted case of People v.Belleci, the state's high court held that evidence suppressed, unlike the case at bench, in the same criminal proceeding, mightnot be considered upon sentencing. But People v. Belleci
was decided in 1979, long before the advent of Proposition 8, upon which we must now place our reliance. (See In re Lance W.,supra, 37 Cal.3d 873.)
For these several reasons we also find no merit in the instant contention.
The judgment is affirmed.
Holmdahl, J., concurred.
NEWSOM, J., concurred in the result only.
Appellant's petition for review by the Supreme Court was denied November 20, 1986. Bird, C.J., and Reynoso, J., were of the opinion that the petition should be granted. *Page 930