Filed 7/27/22  P. v. Irving CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DISHON IRVING,<br><br>        Defendant and Appellant. | A162754<br><br>(San Francisco County  Super. Ct. Nos. SCN223356, CT14030279) |

Defendant Dishon Irving appeals after the trial court denied his motion to strike a five-year enhancement for a prior serious felony at resentencing. Irving contends that the trial court improperly relied on evidence obtained in violation of Irving's constitutional rights in denying the motion.  We disagree and affirm.

**BACKGROUND**

**I.**

***Verdict and Prior Appeal***

On April 13, 2015, the jury found Irving and his codefendant guilty of two counts of robbery.  The trial court sentenced Irving to 14 years in prison that included a five-year prior serious felony enhancement under Penal Code section 667[1] and a one-year prior prison term enhancement under

---

[1] All statutory references are to the Penal Code unless otherwise noted.

1

section 667.5.  Irving appealed and this court affirmed the conviction in an unpublished opinion.  (*People v. Irving* (Feb. 28, 2020, A148581) [nonpub. opn.] (*Irving I*).)[2]  One of the challenges Irving raised in his prior appeal was that the trial court erred in admitting a jail call Irving made in which he told a co-defendant that the victims of the robbery would not be testifying at trial.  This court decided the issue as follows in its opinion:

"Irving claims the trial court erred by admitting the previously discussed January 19 jail call because the prosecutor uncovered it using the contact list from his cell phone, which police obtained without a warrant in violation of the Fourth Amendment as held in *Riley v. California* (2014) 573 U.S. 373 (*Riley*).

"Irving's phone was found in the backseat of Gould's car at the time he and his co-defendants were apprehended.  The search of the car took place after Irving and Gould were removed from the car and handcuffed. Irving was in the rear passenger-side seat before he was taken out of the car.  The contents of Irving's cell phone were downloaded on January 1, 2014, hours after Irving was taken into custody, by a San Francisco police officer who did not first obtain a warrant.  That same month, the prosecution produced the download of Irving's phone, including his contacts and associated information, to the defense attorneys representing Irving, Gould, and Singleton.  At some point after July 14, 2014, when the prosecutor's original jail call request was made, he used the contacts from Irving's phone to request all calls from Irving to those contacts and ultimately discovered the January 19 jail call.  About six months after the download but several weeks or more before the prosecutor's use of them, the United States Supreme Court

---

[2]  Pursuant to Irving's unopposed request, this court takes judicial notice of the record on appeal in *Irving I*.

2

issued its decision in *Riley* holding that a warrant is generally required before police may search the contents of a cellphone even where the phone was legally obtained during a search incident to arrest.

"The People do not dispute that the contact list from Irving's cell phone was obtained illegally but contend reversal is not required for three reasons. First, they argue exclusion was not required because even if Irving's jail call was fruit of the poisonous cell phone search, it would inevitably have been discovered and thus was subject to the inevitable discovery exception to the Fourth Amendment's exclusionary rule. Second, the People argue that, because *Riley* was decided after the data was downloaded from Irving's phone, the good faith exception to the exclusionary rule applies. Third, they argue that admission of the January 19 jail call was harmless beyond a reasonable doubt given the other evidence admitted. We agree that the admission of Irving's January 19 jail call was harmless beyond a reasonable doubt and that reversal is therefore unwarranted. Therefore, while we have misgivings about the People's arguments invoking the inevitable disclosure and good faith exceptions to the exclusionary rule here, we need not decide the merits of those arguments." (*Irving I, supra,* A148581, fn. omitted.)

## II.

### *Resentencing*

Senate Bill No. 1393 (2018-2019 Reg. Sess.) (Senate Bill No. 1393) went into effect on January 1, 2019, and amended sections 667, subdivision (a) and 1385, subdivision (b) to provide the trial court with discretion to strike or dismiss a prior serious felony conviction for sentencing purposes. (Stats 2018, ch. 1013, §§ 1–2.) Based on this change, Irving filed a petition for writ of habeas corpus for resentencing that was granted by the trial court.

At the resentencing hearing, the trial court denied Irving's motion to

3

strike his five-year prior serious felony enhancement.[3] The court stated that had the five-year enhancement been discretionary at the time of original sentencing, it would not have stricken it then. The court explained it had given extensive thought to the original sentence and noted that Irving had 12 criminal cases in nine years prior to the subject offense and that he was on parole when he committed the subject offense. The court further noted that Irving had "enlisted the help of a third party to intimidate the victims of the present case and, in fact, went to considerable lengths to ensure that those two victims did not in fact testify and in fact they did not testify at the trial of the present matter." Irving contends that the trial court erred in relying on the contents of the jail call since it was obtained in violation of Irving's constitutional rights.

Irving timely appealed.

## DISCUSSION

## I.

### *Standard of Review*

Senate Bill No. 1393 "amended section 1385, subdivision (b)(1) to give courts power to strike the five-year prior serious felony enhancement 'in the furtherance of justice.' (Stats. 2018, ch. 1013, § 2.)" (*People v. Shaw* (2020) 56 Cal.App.5th 582, 586.) The court "must evaluate the nature of the offense and the offender" in deciding whether to strike the enhancement. (*Ibid.*) We review the trial court's denial of a motion to strike a five-year prior serious felony enhancement for abuse of discretion. (*Id.* at p. 587.) "No error occurs if the trial court evaluates all relevant circumstances to ensure that the punishment fits the offense and the offender." (*Ibid.*)

---

[3] The judge at resentencing was the judge who presided over Irving's 2015 trial and original sentencing.

4

## II.

### *Forfeiture*

Before turning to the merits of the appeal, we address the People's argument that Irving forfeited the subject claim by failing to object to the trial court's reliance on the jail call at the time of resentencing. As the People note, "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356.)

In reply, Irving contends that he was excused from raising this objection at the resentencing hearing because the objection would have been futile. At trial, the judge heard and denied Irving's motion to suppress the jail call on the grounds that it would have "been discovered one way or the other." Irving argues that since the trial judge also presided over his resentencing hearing, his attorney at the time understood that it would have been futile to urge this same judge not to consider the jail call on the grounds that it should have been suppressed at trial.

In general, a defendant is "excused from the necessity of either a timely objection and/or a request for admonition if either would be futile." (*People v. Hill* (1998) 17 Cal.4th 800, 820.) Based on the record, we are persuaded that since the trial judge denied Irving's motion to suppress the jail call at trial based on the inevitable discovery doctrine, any further objection made at resentencing before this same judge would have been futile. It is unlikely that the trial judge would have considered excluding this evidence at resentencing after permitting its introduction at trial over Irving's objection. Even assuming that a further objection may not have been futile, we exercise our discretion and will consider the issue on appeal, especially since it involves the impairment of Irving's substantial rights. (See *People v. Rosas* (2010) 191 Cal.App.4th 107, 115.)

5

## III.

### *The Exclusionary Rule Does Not Bar All Unlawfully Obtained Evidence at Sentencing.*

Irving argues that because the jail call recording was obtained through an unconstitutional search of his phone, the trial court should have suppressed this evidence during trial and should not have relied on it during resentencing.  The People contend that even if the trial court erred in admitting the evidence at trial, it did not err in relying on this evidence at resentencing.  We therefore do not need to reach the issue of whether the trial court erred in denying Irving's motion to suppress.

"The Fourth Amendment contains no provision expressly precluding the use of evidence obtained in violation of its commands, and an examination of its origin and purposes makes clear that the use of fruits of a past unlawful search or seizure 'work[s] no new Fourth Amendment wrong.' " [Citation.]"  (*U.S. v. Leon* (1984) 468 U.S. 897, 906.)  The violation is " 'fully accomplished' by the unlawful search or seizure itself, [citation] . . . ."  (*Ibid.*)  The exclusionary rule "is a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved."  (*U.S. v. Calandra* (1974) 414 U.S. 338, 348.)  However, "the exclusionary rule has never been interpreted to proscribe the use of illegally seized evidence in all proceedings or against all persons.  As with any remedial device, the application of the rule has been restricted to those areas where its remedial objectives are thought most efficaciously served."  (*Ibid.*)

"Under the Truth-in-Evidence provision of Proposition 8 (Cal. Const. art. I, § 28, subd. (d)), federal constitutional standards govern review of issues related to the suppression of evidence seized by the police."  (*People v. Rege* (2005) 130 Cal.App.4th 1584, 1588.)  The United States Supreme Court

6

has yet to address whether the suppression of evidence through the exclusionary rule applies at sentencing. Various federal courts have weighed in on this issue. Irving relies heavily on *Verdugo v. U.S.* (9th Cir. 1968) 402 F.2d 599 in support of his position. There, the Ninth Circuit held that where "the use of illegally seized evidence at sentencing would provide a substantial incentive for unconstitutional searches and seizures, that evidence should be disregarded by the sentencing judge." (*Id*. at p. 613.)

The Ninth Circuit later clarified its position and stated that although *Verdugo* "places some restrictions upon information which the sentencing court may consider, it does not hold that evidence seized in violation of the Fourth Amendment may never be considered in sentencing. No language in the opinion requires such a broad interpretation of the decision. On the contrary, *Verdugo* is most easily read to require exclusion only where the contrary result would provide a substantial incentive for illegal searches . . . ." (*U.S. v. Vandemark* (9th Cir. 1975) 522 F.2d 1019, 1022-1023.)

The Seventh Circuit has rejected application of the exclusionary rule to sentencing proceedings, reasoning that the deterrent effect from applying the exclusionary rule to sentencing does not justify excluding relevant and reliable information that the court needed to ensure accurate and fair sentencing. (*U.S. v. Brimah* (7th Cir. 2000) 214 F.3d 854, 859.) The First Circuit followed suit shortly after and held that "[g]iven the great weight of the precedent and following the unanimous, reasoned approach of our sister circuits, we hold that the exclusionary rule does not bar the use of evidence seized in violation of a defendant's Fourth Amendment rights in sentencing." (*U.S. v. Acosta* (1st Cir. 2002) 303 F.3d 78, 86.) The First Circuit however, left "open the question of whether the exclusionary rule would bar the use of

evidence when police intentionally act in violation of the Fourth Amendment in order to increase a defendant's sentence." (*Ibid*.)

In *People v. Brewster* (1986) 184 Cal.App.3d 921, this court found that the sentencing court did not err in relying on illegally seized evidence and noted that "federal Courts of Appeal with near unanimity have held that illegally seized, and even as here, previously suppressed, evidence may properly be used in imposing sentence." (*Id.* at p. 928.)[4]

More recently, in *People v. Lazlo* (2012) 206 Cal.App.4th 1063 (*Lazlo*), this court considered the issue of whether previously suppressed evidence could be used at a probation revocation hearing. This court held that "the exclusionary rule did not apply at probation revocation hearings, as long as the police conduct was not egregious." (*Id.* at p. 1071.) Put another way, the conduct "does not shock the conscience or offend our common sense of justice." (*Id.* at p. 1070.) Irving attempts to distinguish *Lazlo* by pointing out that *Lazlo* involved a probation revocation hearing, not a resentencing hearing. We do not find this distinction material since a court's decision to revoke probation results in the imposition of sentencing. (See § 1203.2, subd. (c).)

We follow the reasoning of *Lazlo* and the federal precedents addressing the application of the exclusionary rule to sentencing proceedings and hold that the exclusionary rule does not bar consideration of evidence seized in violation of the Fourth Amendment at sentencing, so long as the police conduct was not egregious.

---

[4] By contrast, here, the trial court considered and denied Irving's request to suppress the jail call recording.

## IV.

### *There Was No Egregious Conduct by the Police.*

Irving contends that there was egregious conduct warranting application of the exclusionary rule here where the prosecutor "deliberately violated the United States Constitution in order to obtain a conviction." We are not persuaded. The purpose of the exclusionary rule is to deter future unlawful conduct or searches and seizures *by the police*, not the prosecutor. (See *Utah v. Strieff* (2016) 579 U.S. 232, 241 ["The exclusionary rule exists to deter police misconduct"]; *U.S. v. Calandra, supra,* 414 U.S. at p. 347 ["the rule's prime purpose is to deter future unlawful police conduct"].) Application of the exclusionary rule is warranted for example, "where law enforcement officers commit a blatant illegality in pursuit of evidence compounding an already well-substantiated charge . . . ." (*U.S. v. Kim* (9th Cir. 1994) 25 F.3d 1426, 1435.)

The record does not reflect any egregious conduct by the police. Irving does not argue that there was. Nor does he argue that excluding the subject jail call at the sentencing hearing would deter future unlawful police conduct. Irving concedes that although the prosecutor's actions were deliberate, the police may not have acted with the intent to violate the Constitution when they seized and downloaded the data from Irving's phone. The police had stopped and detained Irving as a robbery suspect and found several phones when they conducted a search of the car Irving was in. The police also found other items that the victim of the robbery later identified as his. One of the phones that was seized was unlocked. The police examined and downloaded the contents of that phone and discovered that it belonged to Irving. At the time of the search of the car and the download of data from the phone, the United States Supreme Court had not yet issued its decision in *Riley, supra,*

9

573 U.S. 373 holding that a warrant was generally required before police could search the contents of a cellphone. (*Irving I* (Feb. 28, 2020, A148581).)

Given the above, we find that the exclusionary rule does not apply and that the trial court did not err in relying on the contents of the jail call at resentencing.

## DISPOSITION

The judgment is affirmed.

_____

STEWART, J.

We concur.

_____

RICHMAN, Acting P.J.

_____

MAYFIELD, J.*

*People v. Irving* (A162754)

_____

* Judge of the Mendocino Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11